UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| JOSEPH A. SPARROW SR., *Pro se*, | ) | Case Nos.: | 5:98 CR 126 |
| | ) | | 5:01 CV 663 |
| Petitioner | ) | | |
| | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent | ) | | |
| | ) | ORDER | |

Now pending before the court are Petitioner Joseph A. Sparrow Sr.'s, *pro se* ("Petitioner" or "Sparrow") Motion for Judicial Relief (5:98 CR 126, ECF No. 84) and Motion to Amend the Original Rule 60(b)(1), (3), (5) and (6), Pursuant to Federal Rules of Civil Procedure Rule 15(a) ("Motion to Amend the Original Rule 60 Motion") (5:01 CV 663, ECF No. 71). For the reasons that follow, both Motions are denied.

On June 1, 1998, after a jury trial before District Judge Sam H. Bell, Petitioner was convicted of three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), three counts of using a firearm to commit a violent crime in violation of 18 U.S.C. § 924(c), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).[1] On March 19, 2001, Petitioner filed his

---

[1] A more thorough review of the facts and procedural history is contained in the court's Order of May 11, 2006. (5:01 CV 663, ECF No. 69.)

original § 2255 Petition. (5:01 CV 663, ECF No. 1.) On August 5, 2005, Petitioner filed a Motion to Alter or Amend the Petition. (5:01 CV 663, ECF No. 65.) Petitioner sought to Amend on the ground that "[t]he district court eventually described the necessary reasonable doubt elements of § 2113(a), § 2113(d) and § 924(c)(1), but inadvertently neglected to give the jury a reasonable doubt instruction[] on the insured status of the banks in question." (*Id.* at 4.) In an Order dated May 11, 2006, the court denied Petitioner's Motion to Amend, noting that "[t]his court has previously disposed of all of the claims in Petitioner's § 2255 Petition." (5:01 CV 663, Order, ECF No. 69, at 3.) As noted in that Order, the court has disposed of Petitioner's sixteen claims as follows:

> On August 21, 2002 this court denied Petitioner's Claims One through Six, Ten through Thirteen, as well as Fifteen and Sixteen. (*See* Order, ECF. No. 29.) After holding an evidentiary hearing, this court denied Petitioner's claims seven through nine and claim fourteen on January 16, 2003, finding that there was ineffective assistance of counsel with regard to Petitioner's Seventh Ground For Relief, but that Petitioner was not prejudiced. (*See* Order, ECF No.34). Later, on July 28, 2004, this court determined that it erred in denying Petitioner's Claim Seven and the court ordered a new evidentiary hearing to be held regarding Petitioner's Claims Eight and Nine, at which Petitioner was to be represented by counsel. (*See* Order, ECF No. 45.) On June 15, 2005, after the conclusion of the second evidentiary hearing, this court denied petitioner's claims eight and nine. (ECF No. 60.) In light of the court having previously granted Petitioner's Seventh Ground For Relief, the court re-sentenced Mr. Sparrow to a term of 540 months rather than his previous sentence of 627 months. (*See* Order, ECF No. 60.)

(*Id.* at 2.)

On October 13, 2006, Petitioner filed the pending Motion for Judicial Relief, to which the government has not responded. (5:98 CR 126, ECF No. 84.) In that Motion, Petitioner argues that the court

> should consider reopening the original 28 USC §2255 Petition because his request to amend the original 2255 to add any additional

> legal argument relating to the district court[']s failure to properly instruct the jury about the necessity of determining beyond a reasonable doubt that the victim bank was federally insured and that the bank was a bank as defined by 18 USC §2113(f) was not decided upon the factual and legal merits as required by 2255 statutory law.

(*Id.* at 4.)

On February 2, 2007, Petitioner filed the pending Motion to Amend the Original Rule 60(b)(1), (3), (5) and (6), Pursuant to Federal Rules of Civil Procedure Rule 15(a), to which the government has not responded. (5:01 CV 663, ECF No. 71.) The Motion argues that "the facts of the record clearly indicate that the district court[']s jury instructions concerning the F.D.I.C. insured status of the victim banks[] was defective and erroneous." (*Id.* at 2.)

Consequently, Petitioner's pending motions repeat the legal argument made in Petitioner's previously denied Motion to Amend, namely, that the court failed to properly instruct the jury on one of the elements of the crimes charged. The court has already denied this argument in its Order of May 11, 2006, on the ground that Petitioner could not Amend a Petition that had already been disposed of in its entirety. However, for the sake of completeness, the court also notes that the challenge fails on its merits because the record indicates that the district court properly instructed the jury.

The transcript from the trial proceedings on May 29, 1998, indicate that the court instructed the jury that, with regard to the armed bank robbery count, the

> *government must prove the following four essential elements beyond a reasonable doubt:*
> First, that the defendant, Joseph Sparrow, Sr., with the intent to steal, took money from the person or presence of another while that money was in the care, custody, or possession of a particular bank named in that count of the indictment.
> Second, that the taking was by force and violence or by intimidation.

> *Third, that the defendant either deliberately assaulted the person from whom this money was taken, or that he put the life of that person in jeopardy, by the use of a dangerous weapon or device while taking the money;* and
> *Fourth, that the deposits of the banking institution referred to in the particular count of the indictment were then insured by the Federal Deposit Insurance Corporation.*

(Tr. at 845) (emphasis added.) In addition, the transcript indicates that, with regard to "the crime of using or carrying a firearm during and in relation to a crime of violence," the court instructed the jury that

> *the government must prove the following two essential elements beyond a reasonable doubt:*
> *First, that the defendant, Joseph Sparrow, Sr., committed the crime of armed bank robbery as charged in the corresponding count of the indictment;* and
> *Second, that during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.*

(*Id.* at 848) (emphasis added.) Consequently, the record clearly demonstrates that the court instructed the jury that one of the elements the government must prove beyond a reasonable doubt is that the deposits of the bank in question were federally insured. Accordingly, Petitioner's argument that the jury instructions were improper is not well-taken.

As to Petitioner's argument raised in his Motion for Judicial Relief that the court failed to properly instruct the jury on whether "the bank was a bank as defined by 18 USC §2113(f)," this is a new argument that was not included in Petitioner's previously denied Motion to Amend. As such, the court finds that this argument is untimely and not properly before the court.

Therefore, the court denies Petitioner's Motion for Judicial Relief (5:98 CR 126, ECF No. 84) and Motion to Amend the Original Rule 60 Motion (5:01 CV 663, ECF No. 71). Further, the

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                                        /s/ SOLOMON OLIVER, JR.
                                        UNITED STATES DISTRICT JUDGE

October 17, 2007